## ATCHISON, T. & S. F. RY. CO. v. HUNTER, Co. Treas., *et al.*

No. 7019.   Opinion Filed January 9, 1915.

(145 Pac. 802.)

1.   **TAXATION—Assessment—Discovery—Statute.**   Section 7449, Rev. Laws 1910, does not purport to confer authority upon the county officers, or any one with whom the county commissioners may contract, to assist in the discovery of property not listed and assessed, or to assess property of a railroad or other public service corporation.

2.   **..TAXATION—Assessment—Jurisdiction—Railroad Property.**   That part of section 21, art. 10, of the Constitution which provides that the state board of equalization shall assess all railroad and public service corporation property confers exclusive jurisdiction on such board; and the Legislature is without power to vest authority in any other person or officer.

Riddle, J., Dissenting.

(Syllabus by the Court.)

Original action for writ of prohibition by the Atchison, Topeka & Santa Fe Railway Company, a corporation, against George K. Hunter, as Treasurer of Pottawatomie County, and another.   Writ granted.

*J. R. Cottingham, Samuel W. Hayes* and *Chas. H. Woods,* for plaintiff.

*S. P. Freeling* and *J. P. Whittinghill,* for defendants.

RIDDLE, J.   This is an original proceeding instituted in this court by the plaintiff against the defendant Hunter, as county treasurer of Pottawatomie county, and R. C. Hurst, tax inquisitor for said county.   Substantially, the facts alleged are: That plaintiff is a public service corporation, and at all times alleged was the owner of lines of railway in various counties in this state; that plaintiff, for each of the years, 1909, 1910, 1911, 1912, 1913, and 1914 filed lists of property as provided by law;

that the state board of equalization has for each of said years made assessments of all the property of plaintiff in the manner provided by law and that plaintiff has paid its taxes; that defendants have given notice to this plaintiff that they will proceed to assess certain of its property in said county as omitted property during said years, and will do so, unless restrained.

To plaintiff's petition defendants filed a demurrer. Upon the issues thus made, two questions are presented: (1) Is authority under section 7449, Rev. Laws 1910, conferred upon defendans as officers of said county, to assess railroads for taxation. (2) If such statute purports to confer such authority, is it void as in conflict with section 21, art. 10, Constitution?

Upon the issues thus made, we are requested to issue a peremptory writ of prohibition. While there are some features of this case dissimilar from the case of *Osage & Oklahoma Co. v. Ret Millard, County Treasurer of Osage County, et al.* (No. 6099), *ante*, 145 Pac. 797, the same being an original proceeding in this court, wherein a writ of prohibition is sought, and in which on rehearing, an opinion is this day filed, granting the relief prayed for therein, yet the material facts and the issues raised in both cases are practically the same, and the decision and authorities relied upon in that case will control the decision in this case.

We are therefore of the opinion that, for the reasons stated in said cause No. 6099, *supra*, the writ of prohibition should be granted; and it is so ordered.

KANE, C. J., and TURNER, LOOFBOURROW, and BLEAKMORE, JJ., concur. RIDDLE, J., dissents, for the reasons assigned in dissenting opinion filed in cause No. 6099, *supra*.