## FRATES et al. v. STATE.

No. 23510. Feb. 13, 1934.

Kleinschmidt & Johnson, for plaintiffs in error.

McNEILL, J. This case involves assessment for taxation by a tax ferret of public service corporation property.

This proceeding was instituted by T. E. Neal, tax ferret, before the county treasurer of Creek county, alleging that the Oklahoma Union Railway Company, a corporation, had omitted certain personal property from taxation in said county for the years 1929 and 1930, said property being described on the report of the tax ferret to the county treasurer as follows: "Steel rails, X-ties, poles, trolley wire, and all other personal property connected therewith."

The matter was heard before the county treasurer of Creek county and thereafter transcript of the proceedings on appeal was lodged in the county court of said county. On February 8, 1932, there was filed in the county court of Creek county a motion to dismiss for the reason that the county treasurer and other officials and authorities of Creek county were without jurisdiction and authority to list the property of the Oklahoma Union Railway Company, a public service corporation, and to place the same on the tax rolls of said county for assessment of ad valorem taxes for the reason that all of said property, being public service corporation property, was subject to assessment under the Constitution and laws of the state of Oklahoma, exclusively by the State Board of Equalization of the state of Oklahoma for the years in question, and that the acts of the county treasurer in attempt-

ing to place said property of defendants on the tax rolls for said year was wholly void.

The county clerk overruled said motion to dismiss. The receivers of the defendant duly excepted to the action of the court, and elected to stand upon said motion and refused to plead further. Thereupon the appeal of the railway company before the county court was dismissed. Exceptions were taken to the ruling and judgment of the court, and the appeal has been regularly lodged in this court.

The receivers of the railway company, the plaintiffs in error herein, filed their brief on May 13, 1932. It appears that on April 20, 1933, the county treasurer of Creek county was notified to reply to the brief of plaintiffs in error. No brief has been filed on behalf of the county attorney of Creek county.

The plaintiffs in error present two propositions, to wit:

"1. The county treasurer was without jurisdiction or authority to list and assess for taxation any of the property in question, the same being public service corporation property.

"2. The county court erred in dismissing the appeal of plaintiffs in error without requiring the introduction of any evidence on behalf of the defendant in error."

We consider only the first. The Constitution of Oklahoma, article 10, section 21, is as follows:

"Sec. 21. State Board of Equalization. There shall be a State Board of Equalization consisting of the Governor, State Auditor, State Treasurer, Secretary of State, Attorney General, State Inspector and Examiner and President of the Board of Agriculture. The duty of said board shall be to adjust and equalize the valuation of real and personal property of the several counties in the state, and it shall perform such other duties as may be prescribed by law, and they shall assess all railroad and public service corporation property."

In the case of Osage & Oklahoma Co. v. Millard, 45 Okla. 334, 145 P. 797, this court announced the following law in the syllabus of that case:

"1. Section 7449, Rev. Laws 1910, does not purport to confer authority upon the county officers, or any one with whom the county commissioners may contract, to assist in the discovery of property not listed and assessed, or to assess property of a railroad or other public service corporation.

"2. That part of section 21, art. 10, of the Constitution, which provides that the State Board of Equalization shall assess all railroad and public service corporation property, confers exclusive jurisdiction on such board; and the Legislature is without power to vest authority in any other person or officer."

In the body of the opinion, the court said:

"From the foregoing we are of the opinion that defendant had no jurisdiction or authority to list for taxation or to extend on the tax rolls the property belonging to plaintiff, and that the writ of prohibition should be granted; and it is so ordered."

To the same effect is the case of A., T. & S. Ry. Co. v. Hunter, Co. Treas., 45 Okla. 349, 145 P. 802. The property in question, being public service corporation property, is not subject to taxation by local authorities so long as it is the property of the public service corporation. It is immaterial in this case as to the use to which said property was being made. It appears that the county judge assumed that the property had been abandoned. There is nothing in the record to indicate proof of this assumption, and it is irrelevant to the issue as to whether or not the property was abandoned. The local authorities had no power or authority to list and assess the property belonging to a public service corporation. The authority and duty to assess such property was in the sphere of the State Board of Equalization under article 10, section 21, of the Constitution of Oklahoma. This provision of the Constitution confers exclusive jurisdiction upon the State Board of Equalization to assess the public service corporation property, and the county treasurer upon request of a tax ferret has no right or authority to list and assess for taxation property of a public service corporation as omitted property.

The case is remanded to the county court, with instructions to dismiss the proceedings.

RILEY, C. J., and SWINDALL, ANDREWS, OSBORN, and BAYLESS, JJ., concur.